FILED
 2011 Dec-21  AM 10:33
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| LINDA F. SPEEGLE, | ] |
| Plaintiff, | ] |
| vs. | ]   3:10-cv-03431-LSC |
| MICHAEL ASTRUE,<br>Commissioner,<br>Social Security Administration, | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The claimant, Linda F. Speegle, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for a period of disability, disability insurance benefits ("DIB"), supplemental security income ("SSI"). Speegle timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Speegle was forty-four years-old at the time of the Administrative Law Judge's ("ALJ") decision and has a high school education. Her past work experiences include

employment as a production manager, store laborer, auto detailer, waitress, and office clerk helper. Speegle claims that she became disabled on August 1, 2008.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she

will be found disabled without further consideration. *Id.* If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Speegle meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 17.) He further determined that Speegle has not engaged in substantial gainful activity since the alleged onset of her disability. (*Id.*) According to the ALJ, Plaintiff's "degenerative disc disease of the cervical and lumbar spines with a history of a cervical fusion in February 2009, a history of bilateral carpal

tunnel syndrome, chronic headaches, arthralgias, a history of hemorrhoid surgery, and obesity" are considered "severe" based on the requirements set forth in the regulations. (*Id.*)  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id.* at 17-18.)  The ALJ determined that Speegle has the residual functional capacity to perform light work with limitations assessed by Dr. Jampala in Exhibit 22F. (*Id.* at 18.)

The ALJ determined that Speegle is capable of performing her past relevant work as an office clerk helper. (*Id.* at 22.)  The ALJ also used the testimony of a vocational expert to find that there are a significant number of jobs in the national economy that Speegle is capable of performing, such as an assembler of small products, a sub-assembler of electrical components, and a packing line worker. (*Id.*)  The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 1, 2008 through the date of this decision." (*Id.*)

II.   Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover,

failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III. Discussion.

Speegle filed the instant action on December 10, 2010, asking for judicial review of the ALJ's decision. (Doc. 1.) However, Speegle failed to submit any brief, argument, list of authorities, or statement in support of her appeal, despite asking for and receiving an extension of time to file her legal memorandum. (Doc. 8; Court Order May 25, 2011.) The Commissioner also filed a request for extension of time to file its own brief, noting Plaintiff had not filed any argument. (Doc. 9.) Deadlines for submissions have passed, and the issues in this case are ripe for decision. Speegle has not identified any errors in the ALJ's opinion.

This Court, however, thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Speegle is not disabled.

IV. Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the

Commissioner of the Social Security Administration will be affirmed by separate order.

Done this 21st day of December 2011.

                                                L. SCOTT COOGLER
                                    UNITED STATES DISTRICT JUDGE
                                                       139297